UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALTERS, | 1:04-cv-05248-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| C/O P. DOAN, et al., | (Docs. 34 and 45) |
| Defendants. | **ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT** |

Plaintiff Michael Walters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 29, 2006, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants' motion for summary judgment be granted. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On September 28, 2006, Plaintiff filed an objection to the Magistrate Judge's Findings and Recommendations.

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C)
2 and Local Rule 73-305, this Court has conducted a de novo review of
3 this case. Having carefully reviewed the entire file, the Court
4 finds the Findings and Recommendations to be supported by the
5 record and by proper analysis.
6    In his objections, Plaintiff makes legal arguments and
7 provides evidence not previously given to the court. In general,
8 a new theory cannot properly be raised in objections to Findings
9 and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633,
10 638-39 (9th Cir. 1988), *overruled on other grounds by* United
11 States v. Hardesty, 977 F.2d 1347 (9th Cir.1992). Factual
12 assertions that which could have been but were not presented to the
13 Magistrate Judge should be given no consideration when the court is
14 deciding whether to adopt Findings and Recommendations Sundaram v.
15 County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam
16 System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9
17 (C.D.Cal. 1997). In this case, Plaintiff states that he was
18 previously being assisted by an inmate who was taking advantage of
19 him, and Plaintiff asks the court to liberally construe his
20 pleadings because of his pro se incarcerated status. Because it
21 does not change the outcome, in the interests of justice, the court
22 has reviewed the additional evidence and arguments made in the
23 objections.
24    Plaintiff contends that any correctional officer should have
25 known placing an inmate from the sensitive needs yard ("SNY") with
26 an inmate from general population would result in an attack.
27 Plaintiff states that inmates from the SNY are usually assaulted
28 when placed with inmates from general population. The problem

2

with this assertion is that on a motion for summary judgement Plaintiff can no longer rely upon mere allegations or denials in his pleadings; Plaintiff must tender evidence to prove specific facts. Rule 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n.11 (1986). Plaintiff offers no evidence that inmates from SNY are in fact usually assaulted or that Defendants knew this. Plaintiff's own assertion that this is true is not admissible because Plaintiff has failed to show how he has personal knowledge of whether inmates from SNY are usually assaulted. Thus, this contention does not change the outcome of Defendants' motion.

Plaintiff's evidence showing Plaintiff's injuries also does not assist Plaintiff. The Magistrate Judge in the Findings and Recommendations did not base his conclusion on Plaintiff's lack of injuries. Thus, the fact Plaintiff's injuries may have been significant does not show deliberate indifference by Defendants.

Finally, the fact Defendants would have known Plaintiff was a validated Mexican Mafia dropout if they had looked at Plaintiff's file does not show deliberate indifference by Defendants. Plaintiff has no evidence Defendants looked at Plaintiff's and Velasquez's files, Defendants, as opposed to other officers, were required to review Plaintiff's and Velasquez's files prior to transfer, or that Velasquez's file contains information showing that Velasquez has an affiliation with the Mexican Mafia or otherwise would pose a threat to Plaintiff. Because Plaintiff must provide evidence to create a disputed issue of fact on Defendants' deliberate indifference, the court finds that the additional arguments and evidence in the objections do not provide

3

1  a basis to not adopt the Findings and Recommendations.
2       Accordingly, IT IS HEREBY ORDERED that:
3       1.   The Findings and Recommendations, filed August 29, 2006,
4            is ADOPTED IN FULL;
5       2.   Defendants' motion for summary judgment, filed April 20,
6            2006, is GRANTED; and
7       3.   The Clerk of the Court shall enter judgment for
8            defendants and against plaintiff.

10 IT IS SO ORDERED.

11 **Dated:   December 12, 2006**            **/s/ Anthony W. Ishii**
   0m8i78                                   UNITED STATES DISTRICT JUDGE

4